# IN THE COURT OF APPEALS OF IOWA

———————————

No. 25-0992
Filed July 22, 2026

———————————

**Cecilia and Joseph Sherwin,**
Plaintiffs–Appellants,

v.

**State of Iowa, Division of Criminal Investigation and
Jackson County Sheriff's Office,**
Defendants–Appellees.

———————————

Appeal from the Iowa District Court for Jackson County,
The Honorable Mark R. Lawson, Judge.

———————————

**AFFIRMED**

———————————

Cecilia and Joseph Sherwin, Bellevue, Nebraska,
self-represented appellants.

Brenna Bird, Attorney General; Eric H. Wessan, Solicitor General;
and Patrick C. Valencia, Deputy Solicitor General, attorneys
for appellees State of Iowa, Division of Criminal Investigation.
Robert M. Livingston of Stuart Tinley Law Firm, LLP, Council Bluffs,
attorney for appellee Jackson County Sheriff's Office.

———————————

Considered without oral argument
by Tabor, C.J., and Chicchelly and Sandy, JJ.
Opinion by Tabor, C.J.

**TABOR, Chief Judge.**

The parents of Anthony Sherwin, a suspect in the murders of three campers at a state park, challenge the dismissal of their lawsuit against the agencies investigating those crimes. Cecilia and Joseph Sherwin object to their treatment by county and state law enforcement as the investigation of the murders unfolded. Their petition alleged false imprisonment, intentional infliction of emotional distress, violation of their right to privacy, and loss of consortium. The district court found it lacked jurisdiction to consider the Sherwins' claims against the State. The court also dismissed their claims against the county as untimely. Finding dismissal was proper, we affirm.

## I.    Facts and Prior Proceedings

In July 2022, the Jackson County Sheriff's Office and the Iowa Division of Criminal Investigation (DCI) responded to a triple homicide at the Maquoketa Caves State Park campground.[1] Officers located three bodies—a mother, a father, and their six-year-old child—as well as the body of the twenty-three-old Anthony Sherwin.

According to the Sherwins' petition, Cecilia, Joseph, and Anthony arrived at the park around sunset on July 21. Having driven from Nebraska, Cecilia was tired and retired early. But she woke before dawn to "what sounded like children playing in the woods." She recalled later hearing what

---

[1] We take these facts from the Sherwins' petition and the State's brief in support of its motion to dismiss. The State's brief links to an August 2022 press release from the Iowa Department of Public Safety revealing the autopsy results for the victims and the alleged perpetrator. The state medical examiner determined that the campers' deaths were homicides and ruled that Sherwin's death was suicide. The press release stated that Sherwin "died from a self-inflicted gunshot wound."

she believed were people fighting and yelled for Anthony to stay in his tent. Cecilia later heard four gunshots.

After the shooting stopped, Cecilia asserts that a young boy appeared at her tent, describing the person who fired a gun at his family. According to the petition, the boy's description did not match Anthony's build or clothing. The petition alleged that Cecilia "screamed for someone to call police." When no campers responded, she took the boy to the park's entrance and called 911.

At 7 a.m., a deputy with the Jackson County Sheriff's Office arrived. Cecilia claims that "Anthony became a suspect" when the deputy found out that he was missing and the family was traveling with firearms. The petition then outlined law enforcement's interactions with Cecilia and Joseph, including repeated questions about where Anthony was hiding. Officers kept the couple at the campsite all day. And, according to the petition: "All requests for phones, purses, medicine, and a pen and pencil were denied."

Around 10:30 a.m., a DCI agent told Cecilia and Joseph that they found their son's body using surveillance from an airplane, a claim which the plaintiffs viewed skeptically in their petition. The petition detailed health conditions suffered by Cecilia and Joseph that were exacerbated by the July heat and stress of being detained. Later in the day, law enforcement arranged for Cecilia and Joseph to stay at a local hotel. They were given permission to return to Nebraska the next morning.

In January 2025, Cecilia and Joseph, representing themselves, filed a petition in the Jackson County district court alleging four torts against the

investigative agencies. [2] Under the statute-of-limitations heading, the Sherwins alleged that their action accrued when they began seeing a psychologist in April 2023 who diagnosed them with post-traumatic stress disorder and prolonged grief reaction. For their delayed pro se filing, the petition offered this explanation: "The severity of the detainment was so extreme and the investigation so biased that attorneys in Iowa did not want anything to do with it. Plaintiffs were therefore left with representing themselves while recovering from post-traumatic stress disorder brought on by defendants."

Both the State and the county moved to dismiss on various grounds. The Sherwins responded by asking the district court to require the county and State to "certify whether or not they have, or plan to use Chat GPT, AI or any other generative AI in their filings." When the county and State did not respond to their "motion to certify," the Sherwins moved to "strike the defendants' filings in full and to proceed to default judgment." In a separate filing, the Sherwins resisted the motions to dismiss.

In May 2025, the district court ruled on the pending motions. At the outset, the court denied the Sherwins' motion to strike, noting that they did not cite "any relevant legal authority that requires the defendants to 'certify' that they have or have not used AI resources in their filings." The court further declared: "There is nothing inherently wrong with *any party* using AI resources to *assist* their research and drafting."

Next, the court dismissed the Sherwins' claims against the State, without prejudice, finding it lacked subject matter jurisdiction because they

---

[2] The petition names the State of Iowa, the DCI, and the Jackson County Sheriff's Office as defendants. We refer to the first two defendants as the State and the third defendant as the county.

did not exhaust their administrative remedies under Iowa Code chapter 669 (2025). The court also dismissed their claims against the county, with prejudice, finding them time barred under Iowa Code section 670.5 and *Venckus v. City of Iowa City*, 930 N.W.2d 792, 809 (Iowa 2019).

The Sherwins moved to vacate the order, raising three alleged errors. First, they complained that the district court "falsely implie[d] that Anthony died of a single gunshot instead of two that the autopsy report" and their meeting with an agent allegedly confirmed. Second, they objected to the district court's citation to a case that did not appear in the motions to dismiss.[3] Third, the Sherwins insisted that, "[i]f defendants are using AI, then that constitutes [an] unlawful practice of law because its work has not been verified." The court treated the motion to vacate as a motion to reconsider under Iowa Rule of Civil Procedure 1.904(2) and denied it. The Sherwins appeal.

## II. Scope and Standard of Review

"Exhaustion of the administrative process is jurisdictional, and a suit commenced without complying with this process is subject to dismissal." *Swanger v. State*, 445 N.W.2d 344, 347 (Iowa 1989). From there, the district court has inherent power to decide "whether it has jurisdiction over the subject matter of the proceedings before it." *Segura v. State*, 889 N.W.2d 215, 219 (Iowa 2017) (quoting *Klinge v. Bentien*, 725 N.W.2d 13, 15 (Iowa 2006)).

---

[3] In ruling on the motion to dismiss, the district court cited *Shumate v. Drake Univ.*, 846 N.W.2d 503, 507 (Iowa 2014), which was quoted in *Benskin, Inc. v. West Bank*, 952 N.W.2d 292, 298 (Iowa 2020), the case the Sherwins were unable to find. The Sherwins believe that *Shumate* improperly replaced the case of *Southard v. Visa U.S.A. Inc.*, 734 N.W.2d 192, 194 (Iowa 2007), cited by the State for the general proposition that "[a] motion to dismiss tests the legal sufficiency of the challenged pleading."

We review the dismissal of the claims against the State for correction of errors at law. *Id.* Likewise, we review the dismissal of the untimely claims against the county for errors at law. *Abrahamson v. Scheevel*, 31 N.W.3d 20, 24 (Iowa 2026).

## III.   Analysis

On appeal, the Sherwins reprise the three complaints from their motion to vacate: (1) they question the district court's reliance on *Shumate*, (2) they contend that the defendants should have been required to "disclose whether they were using generative AI when their motion to dismiss contained a suspicious case," and (3) they maintain that the court "prejudicially stated that [their] son died of a single gunshot wound." For all three complaints, they contend the district court acted with prejudice.

But missing from the Sherwins' appellate argument is a challenge to the grounds for dismissal. As the State points out, "[t]he Sherwins do not preserve error on any claim related to their failure to exhaust their administrative remedies because they do not raise that issue on appeal." Likewise, for their claims against the county, the Sherwins do not contest the applicability of Iowa Code section 670.5 and thus have waived that issue.[4] *See Aluminum Co. of Am. v. Musal*, 622 N.W.2d 476, 479–80 (Iowa 2001) ("Issues not raised in the appellate briefs cannot be considered by the reviewing court."); *see also Hubby v. State*, 331 N.W.2d 690, 694 (Iowa 1983) ("[I]ssues

---

[4] The Iowa Municipal Tort Claims Act (IMTCA) applies to the Sherwins' claims against Jackson County. Iowa Code § 670.1(2). And actions brought under the IMTCA must be commenced "within two years after the alleged wrongful death, loss, or injury." *Id.* § 670.5. "[T]he IMTCA bars any claim not filed within the requisite time period as measured from the date of injury rather than date of accrual." *Venckus*, 930 N.W.2d at 807. Thus, the deadline for the Sherwins' claims was July 2024. But they did not file their petition until January 2025.

are deemed waived or abandoned when they are not stated on appeal by brief . . . .")).

Returning to the Sherwins' briefed arguments, those three collateral claims do not undermine the dismissals. On the first issue, the district court's citation to *Shumate* was not a violation of any kind. A district court may rely on case law not cited by the parties. *See*, *e.g.*, *In re Marriage of Ulferts*, No. 12-2144, 2013 WL 3458180, at *2 n.1 (Iowa Ct. App. July 10, 2013).

On the second issue, the district court properly denied the Sherwins' request to strike the defendants' motions to dismiss because they did not certify whether they used "generative artificial intelligence" in their drafting. True, "self-represented litigants and attorneys alike have a duty to independently verify the authenticity and veracity of all sources and assertions when relying on artificial intelligence tools to prepare trial or appellate court filings." *Luke v. Dep't of Health & Hum. Servs.*, 29 N.W.3d 635, 636 (Iowa Ct. App. 2025). But nothing about the State's citation to *Benskin* in its trial brief breached that duty. Even if the citation form was incomplete, the case was neither hallucinated nor "suspicious." What's more, the State cited the case for the familiar proposition that "[m]otions to dismiss are disfavored." *Benskin*, 952 N.W.2d at 296. Thus, the district court did not act with prejudice by refusing to require the defendants to disclose any use of artificial intelligence.

In their third issue, the Sherwins focus on the district court's opening paragraph stating that Anthony was "found dead of a gunshot wound." The Sherwins allege their son died of two gunshot wounds. But their allegation that the district court misstated how their son died is not a legal error requiring reversal. As the State contends, "[t]he facts surrounding the death of the Sherwins' son, though tragic, have no bearing on the Sherwins' failure

to exhaust their administrative remedies." Likewise, proof of a factual error in the district court's order would not make their claim against the county timely under section 670.5. The disputed fact is not relevant to the ruling on the motions to dismiss.

Because the district court properly dismissed the Sherwins' case for failure to exhaust administrative remedies and failure to bring their claim within two years of the alleged injury, we affirm.

**AFFIRMED.**